LAW OFFICES OF BUCHSBAUM & HAAG, LLP
BRENT S. BUCHSBAUM, CSBN: 194816
brent@buchsbaumhaag.com
LAUREL N. HAAG, CSBN: 211279
laurel@buchsbaumhaag.com
100 Oceangate, Suite 1200
Long Beach, California 90802
Telephone: (562) 733-2498
Facsimile:  (562) 628-5501

Attorneys for Plaintiff, Diana Alvarez

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANA ALVAREZ,<br><br>              Plaintiff,<br><br>     vs.<br><br>MOLINA HEALTHCARE, INC., A Delaware Corporation, and DOES 1 through 10, inclusive,<br><br>              Defendants. | Case No.: 2:21-cv-8153<br><br>**Plaintiff's Complaint for Damages**<br><br>**(1) Disability Discrimination; and**<br>**(2) Retaliation in Violation of FEHA**<br>**(3) Disability Discrimination – Failure to Reasonably Accommodate**<br>**(4) Disability Discrimination – Failure to Engage in the Interactive Process**<br>**(5) Wrongful Termination in Violation of Public Policy**<br>**(6) Violation of California Labor Code §§ 510—Unpaid Overtime**<br>**(7) Violation of Labor Code §2802— Unreimbursed Expenses**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff DIANA ALVAREZ ("ALVAREZ" or "PLAINTIFF") alleges as follows:

## INTRODUCTION

1. This is an action brought by the Plaintiff, pursuant to California statutory, decisional, and regulatory laws. Plaintiff was an employee of Defendant MOLINA HEALTHCARE, INC. ("MOLINA" and/or "DEFENDANT") at all times herein mentioned.

2. Plaintiff alleges that California statutory, decisional and regulatory laws prohibit the conduct by Defendant herein alleged, and therefore Plaintiff has an entitlement to monetary relief on the basis that Defendant violated such statutes, decisional law and regulations.

## JURISDICTION AND VENUE

3. Jurisdiction is proper in this court by virtue of the Federal statutes, decisional law, and regulations. Defendant MOLINA is a Delaware Corporation doing business in Los Angeles County, California.

4. Venue is proper in this Court because, upon information and belief, the acts and omissions alleged herein took place in this District.

## THE PARTIES

5. Plaintiff Diana Alvarez ("ALVAREZ") is, and at all relevant times was, a citizen of the State of California, residing in Los Angeles, California.

6. Defendant Molina Healthcare, Inc. ("MOLINA") was and is, upon information and belief, a Delaware Corporation, with a place of business in the

State of California, located at 200 Oceangate, Ste 100, Long Beach, CA 90802.

7. Plaintiff does not know the true names or capacities of the persons or entities sued herein as DOES 1 through 10, inclusive, and therefore, sues said Defendants by such fictitious names. Each of the DOE Defendants was in some manner legally responsible for the violations alleged herein. Plaintiff will amend this complaint to set forth the true names and capacities of these Defendants when they have been ascertained, together with appropriate charging allegations, as may be necessary.

8. At all times mentioned herein, the Defendants named as DOES 1 through 10, inclusive, and each of them, were residents of, doing business in, availed themselves of the jurisdiction of, and/or injured Plaintiff.

9. At all times mentioned herein, each Defendant was the agent, servant, or employee of the other Defendants and in acting and omitting to act as alleged herein did so within the course and scope of that agency or employment.

10. Defendant MOLINA and DOES 1 through 10 are collectively referred to herein as "DEFENDANTS."

## FACTUAL ALLEGATIONS

11. Plaintiff ALVAREZ worked for Molina for approximately 10 years, most recently as a reconciliation specialist in the Medicare Department. Her job consisted primarily of administrative and data entry work.

12. On December 22, 2020, PLAINTIFF was diagnosed with Covid. She was ill for about a month, but then became very depressed thereafter. Partly this was because her husband became extremely sick and was hospitalized and on oxygen for a full month.

13. PLAINTIFF turned in a series of notes excusing her absence. She was in therapy and taking medication for Depression. Based on the set of

circumstances, she had a qualifying disability under the California Fair Employment and Housing Act (FEHA).

14. Yet, shortly after her FMLA/CFRA leave expired, the absence control manager, Zaharah Greene, started pressuring PLAINTIFF to return back to work, telling her that her job was not protected past April 11, 2021. PLAINTIFF explained that she was on leave until May 1st and did not have an appointment with her doctor until the end of April. She also explained that she was still under doctor's case for her medical condition. However, Ms. Greene said if she managed to get back before they hired someone else, she could have her job, but otherwise she was out of luck.

15. On April 27, 2021, she sent in a new note excusing her until August 1, 2021. MOLINA terminated her the same day, claiming they were filling her position. There was no discussion on how to accommodate Plaintiff's disability.

16. Further, throughout PLAINTIFF's employment, she was provided blocks of overtime approval, like one hour or two hours, but was then relentlessly pressured to get work done by certain deadlines, which forced her to work off the clock. PLAINTIFF's supervisor was aware she was working off the clock, but she was never compensated for this additional time.

17. Finally, PLAINTIFF had been working from home starting around March 2020. MOLINA failed to reimburse PLAINTIFF for internet and data usage, which was necessary to have in order for her to perform the functions of her job while at home.

18. Prior to filing this Complaint, Plaintiff fulfilled any legal requirement or exhausted any administrative remedy imposed on her by having filed the substance of claims alleged herein with the California Department of Fair Employment and Housing (hereinafter "DFEH"), and has received Right to Sue Letters from the DFEH. Plaintiff has therefore substantially complied with all requirements for the filing of this Complaint and has exhausted her administrative

remedies prior to filing, commencing, and serving the within action.

## FIRST CAUSE OF ACTION

### Disability Discrimination

**(Plaintiff Against MOLINA HEALTHCARE, INC. and DOES 1 through 10)**

19. Plaintiff incorporates by this reference the relevant allegations contained in this pleading as if fully set forth herein.

20. At all times herein mentioned, California Fair Employment and Housing Act Government Code §§ 12940, et seq. ("FEHA"), was in full force and effect and was binding on Defendants. Plaintiff was, at all times material hereto, an employee covered by the provisions and protections of the FEHA. These sections require Defendants to refrain from discriminating any employee on the basis of disability or medical condition, or because an employee was associated with someone with a disability.

21. The foregoing conduct by Defendants violates the FEHA, Government Code § 12940(a), which provides that discrimination of employees on the basis of disability, or association with someone with a disability is an unlawful employment practice. The discrimination by Defendants of Plaintiff based on her disability violates Government Code § 12940(a).

22. Plaintiff's disability was a substantial motivating factor in Defendants' decisions to change her conditions of employment and ultimately terminate her employment. Such discrimination violates Government Code § 12940(a) and has resulted in damage to Plaintiff.

23. As a legal result of the discrimination of Plaintiff described above, Plaintiff has suffered and will continue to suffer humiliation, embarrassment, mental anguish and severe emotional and physical distress, all causing her damages in an amount to be determined at trial and according to proof.

24. As a direct and proximate result of the discriminatory conduct of

Defendants, Plaintiff suffered substantial harm. Plaintiff suffered economic and non-economic damages and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish.

25. Plaintiff has incurred and continues to incur legal expenses and attorney's fees. Pursuant to Government Code §§12940, et seq., and/or other applicable law, Plaintiff is entitled to be reimbursed said legal expenses and attorney's fees.

26. Said discrimination was wrongful and justifies the imposition of punitive damages since the discrimination was against public policy. Defendants intentionally discriminated against Plaintiff because of her disability, and in doing so, Defendants acted maliciously, fraudulently and oppressively, with the wrongful intention of injuring Plaintiff. Based on the foregoing, Plaintiff is entitled to recover punitive damages in an amount according to proof from Defendants and each of them.

## SECOND CAUSE OF ACTION

### Retaliation [Gov. Code § 12940(h)]

**(Plaintiff Against MOLINA HEALTHCARE, INC., and DOES 1 through 10)**

27. Plaintiff incorporates by this reference the relevant allegations contained in this pleading as if fully set forth herein.

28. At all relevant times, the FEHA has precluded an employer from taking any adverse employment action against an employee who has engaged in protected conduct, such as requesting reasonable accommodations or taking medical leave.

29. As alleged herein, Defendants retaliated against Plaintiff because she requested a reasonable accommodation and took a medical leave of absence for her disability.

30. As a direct and proximate result of the retaliatory and illegal conduct

of Defendants, Plaintiff suffered substantial harm. Plaintiff suffered economic and non-economic damages and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish.

31. Said retaliation was wrongful and justifies the imposition of punitive damages since the retaliation was against public policy. Defendants intentionally retaliated against Plaintiff for having requested accommodations for her disability and retaliated against Plaintiff for suffering from a disability, taking a medical leave and requesting an accommodation, and in doing so, Defendants acted maliciously, fraudulently and oppressively, with the wrongful intention of injuring Plaintiff. Based on the foregoing, Plaintiff is entitled to recover punitive damages in an amount according to proof from Defendants and each of them.

## THIRD CAUSE OF ACTION

**Disability Discrimination – Failure to Reasonably Accommodate [Cal. Gov. Code § 12940(m)]**

**(Plaintiff Against MOLINA HEALTHCARE, INC., and DOES 1 through 10)**

32. Plaintiff incorporates by this reference the relevant allegations contained in this pleading as if fully set forth herein.

33. At all times herein mentioned, California's Fair Employment and Housing Act Government Code §§ 12940, *et seq.* was in full force and effect and was binding on Defendants. Plaintiff was, at all times material hereto, an employee covered by the provisions and protections of the FEHA. These sections require an employer to provide reasonable accommodation to an employee with a known disability, pursuant to Government Code § 12940(m).

34. Plaintiff provided notice to Defendants of her disability, which gave rise to the employer's duty to provide reasonable accommodation to Plaintiff concerning her disability.

35. Defendants failed to provide reasonable accommodation as required

by Government Code § 12940(m), by allowing her to remain on a medical leave of absence. Instead, he was summarily terminated.

36. The foregoing conduct violates the Fair Employment and Housing Act, Government Code § 12940(m), which provides that the failure to provide reasonable accommodation to an employee with a known disability is an unlawful employment practice.

37. As a legal result of the discrimination of Plaintiff described above, Plaintiff has suffered and will continue to suffer humiliation, embarrassment, mental anguish and severe emotional and physical distress, all causing her damages in an amount to be determined at trial and according to proof.

38. As a direct and proximate result of the discriminatory conduct of Defendants, Plaintiff suffered substantial harm. Plaintiff suffered economic and non-economic damages and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish.

39. Plaintiff has incurred and continues to incur legal expenses and attorney's fees. Pursuant to Government Code §§12940, *et seq.,* and/or other applicable law, Plaintiff is entitled to be reimbursed said legal expenses and attorney's fees.

## FOURTH CAUSE OF ACTION

**Disability Discrimination – Failure to Engage in the Interactive Process [Cal. Gov. Code § 12940(n)]**

**(Plaintiff Against MOLINA HEALTHCARE, INC., and DOES 1 through 10)**

40. Plaintiff incorporates by this reference the relevant allegations contained in this pleading as if fully set forth herein.

41. At all times herein mentioned, California's Fair Employment and Housing Act Government Code §§ 12940, *et seq.* was in full force and effect and was binding on Defendants. Plaintiff was, at all times material hereto, an

employee covered by the provisions and protections of the FEHA. These sections require an employer to provide reasonable accommodation to an employee with a known disability, pursuant to Government Code § 12940(n).

42. Plaintiff provided notice to Defendants of her disability, which gave rise to the employer's duty to provide reasonable accommodation to Plaintiff concerning her disability.

43. Defendants failed to engage in a good faith interactive process with Plaintiff as required by Government Code § 12940(m), and instead Defendants summarily terminated Plaintiff's employment as a result of her disability, rather than provide her a reasonable accommodation pursuant to her doctor's request, all without properly engaging in the interactive process.

44. The foregoing conduct violates the Fair Employment and Housing Act, Government Code § 12940(m), which provides that the failure to provide reasonable accommodation to an employee with a known disability is an unlawful employment practice.

45. As a legal result of the failure to engage in the interactive process, Plaintiff has suffered and will continue to suffer humiliation, embarrassment, mental anguish and severe emotional and physical distress, all causing her damages in an amount to be determined at trial and according to proof.

46. As a direct and proximate result of the discriminatory conduct of Defendants, Plaintiff suffered substantial harm. Plaintiff suffered economic and non-economic damages and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish.

47. Plaintiff has incurred and continues to incur legal expenses and attorney's fees. Pursuant to Government Code §§12940, *et seq.,* and/or other applicable law, Plaintiff is entitled to be reimbursed said legal expenses and attorney's fees.

//

# FIFTH CAUSE OF ACTION

### (Wrongful Termination in Violation of Public Policy)
### (Plaintiff Against MOLINA HEALTHCARE, INC., and DOES 1 through 10)

48. Plaintiff incorporates by this reference the relevant allegations contained in this pleading as if fully set forth herein.

49. At all times herein mentioned in this complaint, California Government Code Section 12940, et seq. were in full force and effect and were binding on the Defendants and the Defendants were subject to their terms, and therefore Defendants were required to refrain from violations of public policy, including retaliating against for requesting accommodations and ultimately wrongfully terminating Plaintiff for suffering from a disability.

50. Plaintiff is informed and believes and thereon alleges that her disability and requests for accommodations were factors in Defendants' decision to terminate Plaintiff.

51. As a direct and proximate result of the retaliatory and illegal conduct of Defendants, Plaintiff suffered substantial harm. Plaintiff suffered economic and non-economic damages and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish.

52. Said termination was wrongful and justifies the imposition of punitive damages since the termination was against public policy. Defendants intentionally retaliated against Plaintiff for having requested accommodations for her disability and wrongfully terminated Plaintiff for suffering from a disability, and in doing so, Defendants acted maliciously, fraudulently and oppressively, with the

wrongful intention of injuring Plaintiff. Based on the foregoing, Plaintiff is entitled to recover punitive damages in an amount according to proof from Defendants and each of them.

## SIXTH CAUSE OF ACTION

**Violation of California Labor Code §§ 510—Unpaid Overtime**

**(Plaintiff Against MOLINA HEALTHCARE, INC., and DOES 1 through 10)**

53. Plaintiff incorporates all paragraphs above as though fully set forth herein.

54. California Labor Code § 510 provides that employees in California shall not be employed more than eight hours in any workday or forty hours in a workweek unless they receive additional compensation beyond their regular wages in amounts specified by law. California Labor Code § 510 further provides that any work in excess of twelve hours in one day and for all hours worked in excess of eight hours on the seventh consecutive day of work in a workweek shall be compensated at the rate of no less than twice the regular rate of pay for an employee.

55. California Labor Code §§ 1194 and 1198 provide that employees in California shall not be employed more than eight hours in any workday unless they receive additional compensation beyond their regular wages in amounts specified by law. Additionally, California Labor Code § 1198 states that the employment of an employee for longer hours than those fixed by the IWC is unlawful. The governing Wage Order of the IWC requires, among other things,

payment of a premium wage rate for all hours worked in excess of eight hours per day or forty hours per week.

56. At all times relevant hereto, Defendants failed to pay Plaintiff accurate overtime compensation for the hours she worked in excess of the maximum hours permissible by law as required by California Labor Code § 510 and 1198 as described in more detail above.

57. By virtue of Defendants' unlawful failure to pay additional, premium rate compensation to Plaintiff for her overtime hours worked, Plaintiff has suffered, and will continue to suffer, damages in amounts which are presently unknown to her but which exceed the jurisdictional limits of this Court and which will be ascertained according to proof at trial.

58. Plaintiff requests recovery of overtime compensation and minimum wage compensation according to proof, interest, attorney's fees and costs pursuant to California Labor Code § 1194(a), liquidated damages under Labor Code §1194.2, as well as the assessment of any statutory penalties against Defendants, in a sum as provided by the California Labor Code and/or other statutes. Further, Plaintiff is entitled to seek and recover reasonable attorneys' fees and costs pursuant to California Labor Code § 1194.

//

//

//

## SEVENTH CAUSE OF ACTION

### Violation of Labor Code §2802—Unreimbursed Expenses

**(Plaintiff Against MOLINA HEALTHCARE, INC., and DOES 1 through 10)**

59. Plaintiff incorporates all paragraphs above as though fully set forth herein.

60. Under Labor Code §2802, an employer must indemnify its employees "for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties.

61. The Defendant in this case required plaintiff to use internet and data usage for work-related purposes, but failed to provide any reimbursement, even though the internet and data usage were necessary for carrying out job duties.

62. Plaintiff was damaged by having to pay for necessary business expenses out of her own personal funds.

63. Plaintiff also seeks attorney's fees under Labor Code §2802 because these fees were necessarily incurred in protecting the rights of plaintiff to the underlying reimbursement claim.

### PRAYER FOR RELIEF

Plaintiff prays for relief and judgment against Defendants, jointly and severally, as follows:

1. For damages according to proof, including loss of earnings, deferred compensation, unpaid wages, overtime and other employment benefits;
2. For general damages, according to proof;
3. For other special damages according to proof, including but not limited to reasonable medical expenses;
4. For punitive damages according to proof;
5. For prejudgment interest on lost wages and benefits;
6. For any and all penalties and fees pursuant to the Labor Code;

COMPLAINT

7. For costs incurred by Plaintiff, including reasonable attorneys' fees and costs of suit, in obtaining the benefits due Plaintiff and for violations of Plaintiff's civil rights, as set forth above; and

8. For such other and further relief as the court deems just and proper.

Respectfully Submitted,

Dated: October 13, 2021          The Law Offices of Buchsbaum & Haag, LLP

/s/ *Laurel N. Haag*

By _____
Laurel N. Haag, Attorneys for Plaintiff,
Diana Alvarez

## DEMAND FOR JURY TRIAL

Plaintiffs hereby respectfully demand a jury trial.

Dated: October 13, 2021          The Law Offices of Buchsbaum & Haag, LLP

/s/ *Laurel N. Haag*

By _____
Laurel N. Haag, Attorneys for Plaintiff,
Diana Alvarez